http://www.va.gov/vetapp16/Files4/1630393.txt

Citation Nr: 1630393 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 12-25 084 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon

THE ISSUE

Entitlement to service connection for diabetes mellitus type II.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

J. Dupont, Associate Counsel

INTRODUCTION

The appellant is the surviving spouse of a Veteran who served on active duty from February 1966 to December 1969. The Veteran died in May 2012. This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision by the Seattle, Washington, Department of Veterans Affairs (VA) Regional Office (RO). The record is now in the jurisdiction of the Portland, Oregon, RO. 

In a September 2012 VA Form 9, the appellant requested a hearing before the Board. At her request the appellant was scheduled for a Travel Board hearing in March 2016. As discussed in further detail below, she failed to appear for the hearing.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on her part is required.

REMAND

The appellant is the surviving spouse of a Veteran who died in May 2012. [VA received her request for substitution of claimant in December 2012.] In response to an August 2012 statement of the case (SOC) on the issue of service connection for diabetes mellitus type II, the appellant submitted a timely appeal (VA Form 9) in September 2012 and requested a Travel Board hearing. In June 2013, VA received correspondence reflecting a change of address from Washington to Oregon. The appellant failed to show for her scheduled March 2016 hearing. However, the file contains five pieces of returned mail relating to hearing notifications between October 2014 and November 2015. The file also contains a May 2015 Report of General Information that explains the appellant's address is unknown and attempts to contact her via telephone were unsuccessful. While there is no indication that VA correspondence dated December 2015 which notified her of the hearing date was not received by the appellant, Board correspondence mailed three days after the scheduled hearing was also returned as undeliverable. [Notably, the Board's correspondence used the appellant's former street address from Washington but the city and zip code from Oregon.] Based on the amount of returned mail in the file since 2014, the May 2015 Report of General Information indicating the appellant's address is unknown, and in giving the benefit of the doubt to the appellant, the Board finds it reasonable that she may not have received proper notification of the scheduled Board hearing in March 2016. Accordingly, a remand is necessary to ensure compliance with VA's duty to assist. On remand, the AOJ should take all appropriate steps to verify the appellant's current mailing address, to include contacting her representative and searching all appropriate databases. Once the address is confirmed, the AOJ should schedule the appellant a hearing. 

Additionally, the Board notes a November 27, 2013, Report of General Information in the file. The note reflects that an employee at the RO spoke with the appellant's representative who explained that a November 22, 2013, VA Form 646 should be construed as the appellant's notice of disagreement with a December 2012 rating decision that denied service connection for cause of death. On November 27, 2013, the RO sent a SOC on that issue to the appellant. Again, while there is no indication in the file that the SOC was returned as undeliverable, in light of the numerous pieces of returned mail following the appellant's June 2013 change of address, the AOJ should reissue the November 27, 2013, SOC on the issue of service connection for cause of death and entitlement to dependency and indemnity compensation (DIC). Although the Board does not have jurisdiction over the issues of service connection for cause of death and entitlement to DIC, the potential development and adjudication of the claims may impact the claim for service connection for diabetes mellitus type II, and vice versa. See Tyrues v. Shinseki, 23 Vet. App. 166 (2009) (en banc). The remand order pertaining to the re-issuance of the SOC is wholly consistent with the United States Court of Appeals for the Federal Circuit 's observation in Smith v. Shinseki, 647 F.3d 1380 (Fed. Cir. 2011) that no law or regulation precludes VA from providing additional assistance in developing a claim when it is deemed appropriate. See 38 U.S.C.A. § 5103A(g) (West 2014); see also Savage v. Shinseki, 24 Vet. App. 259, 268-71 (2011).

Accordingly, the case is REMANDED for the following action:

1. The AOJ should take appropriate steps to verify the appellant's current mailing address, to include contacting her representative and searching all appropriate databases. She most recently provided an updated mailing address in June 2013. 

2. The AOJ should then send the appellant copies of all correspondence from VA to her that were returned as undeliverable between 2014 and 2016. Such correspondence should include copies of any notice letters and/or determinations. Because it is unclear if the appellant received a copy of the November 2013 SOC on the issues of service connection for the cause of death and entitlement to DIC, the AOJ should reissue a copy of this SOC. To perfect an appeal to the Board in these matters, the appellant must timely file a substantive appeal (VA Form 9) after the SOC is issued. She should be advised of the time limit for filing a substantive appeal. 

3. Once the appellant replies to the above SOC, or the time to appeal expires, the AOJ should schedule the appellant for a hearing on the issue of service connection for diabetes mellitus II (and if appropriate based on the appellant's reply, the issues of service connection for cause of death and entitlement to DIC).

4. After the hearing is conducted, or if the appellant withdraws her hearing request, or fails to report for the hearing, then in accordance with appellate procedures the claims file should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
VICTORIA MOSHIASHWILI 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).